Edward R. Litwin SB#: 57635
Christina H. Lee SB#: 230883
Litwin & Associates, A Law Corporation
1435 Huntington Ave., Suite 336
South San Francisco, CA 94080
(650) 588-7100 (t) (650) 588-4302 (f)

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rodrigo Maldonado | Civil No. C 07 1940 |
| Plaintiff, | PLAINTIFF'S ORIGINAL COMPLAINT |
| | FOR WRIT IN THE NATURE OF MANDAMUS |
| -vs- | |
| Michael Chertoff, Secretary | |
| Emilio T. Gonzalez, Director, CIS | "Immigration Case" |
| David N. Still, District Director | |
| Frank Siciliano, Officer in Charge | CIS NO.   A096-019-149 |
| Department of Homeland Security; | |
| Defendants. | |

COMES NOW Rodrigo Maldonado, Plaintiff in the above-styled and numbered cause, and for the cause of action would show unto the Court the following:

1. This action is brought against the Defendants to compel action on Form I-485, Application to Register Permanent Resident or Adjust Status properly filed by the Plaintiff. The application remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to Plaintiff's detriment.

//

COMPLAINT                                         1

## PARTIES

2.  Plaintiff Rodrigo Maldonado is a 25-year-old native and citizen of Brazil. Mr. Maldonado married Elizabeth Garcia, a lawful permanent resident of the United States, on September 13, 2002. On December 4, 2002, Mr. Maldonado filed for his lawful permanent resident status with the US Citizenship and Immigration Service (USCIS) under the Cuban Refugee Adjustment Act.

3.  Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS) and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act (the Act) and is further authorized to delegate such powers and authority to subordinate employees of the DHS. 8 CFR §2.1.

4.  Defendant Emilio T. Gonzalez is the Director of Citizenship and Immigration Services (CIS), an agency within the DHS to whom the Secretary's authority has in part been delegated and is subject to the Secretary's supervision, and this action is brought against him in his official capacity. Defendant Emilio T. Gonzalez is generally charged with the overall administration of benefits and immigration services. 8 CFR §100.2(a).

5.  Defendant David Still is the District Director of the San Francisco District of the CIS, and this action is brought against him in his official capacity. Defendant David Still is generally charged with administration and enforcement of the Act and all other laws relating to immigration within his assigned geographic area. 8 C.F.R. § 100.2(d)(2)(ii).

6.  Defendant Frank Siciliano is the Officer in Charge of the San Jose sub-office and this action is brought against him in his official capacity. Defendant Frank Siciliano is an official of the CIS charged with supervisory authority over operations of the San Jose sub-office. Defendant Frank Siciliano is the official with whom Plaintiff's application for adjustment of status continues to pend. 8 CFR §100.2(d)(2)(ii), 8 CFR §100.4(c)(1), and 8 CFR §103.1(b).

## JURISDICTION

7.  The Court has jurisdiction of this action pursuant to 28 USC §§1331 and 1361, the Administrative Procedures Act of 5 USC § 555(b), 5 USC §701 *et seq.*, and 28 USC §2201 *et seq.*

COMPLAINT                                                          2

1  Relief is requested pursuant to said statutes.

## INTRADISTRICT ASSIGNMENT

8. Pursuant to Civil L.R. 3-2(d), since the Plaintiff resides in Santa Clara County, assignment shall be to the San Jose Division.

## VENUE

9. Venue is proper in this court, pursuant to 28 USC §1391(e)(3), in that this is an action against officers and agencies of the United States in his official capacities, brought in the District where the Plaintiff resides if no real property is involved in the action. Specifically, Plaintiff resides at 5437 Silver Vista Way, San Jose, California and no real property is involved in the instant action.

## EXHAUSTION OF REMEDIES

10. Plaintiff has exhausted his administrative remedies. Plaintiff has made numerous inquires concerning the status of his application, to no avail.

## CAUSE OF ACTION

11. All legal prerequisites having been satisfied, Plaintiff applied for adjustment of status to lawful permanent resident with the USCIS District Office in Miami, Florida on December 4, 2002.

12. Sometime in late 2003, Mr. Maldonado and his wife attended an adjustment of status interview at USCIS in Miami, Florida.

13. The couple was then scheduled for another interview to be held in March 2004, at the same Miami USCIS office. At the March 2004 interview, the couple was separated and questioned on video. The Plaintiff received no decision on his case.

14. On or about March 27, 2005, Mr. Maldonado and his wife notified the USCIS by mail that Plaintiff and his wife had moved from Sunny Isles Beach, Florida to Anderson, South Carolina.

15. On or about June 23, 2005, Mr. Maldonado received a fingerprint appointment notice from USCIS scheduled for August 2, 2005, in Anderson, South Carolina, in which Plaintiff attended.

16. On or about July 12, 2005, Mr. Maldonado received an appointment notice for his adjustment of status interview at the USCIS in Greer, South Carolina for the date of August 11, 2005 at 12:00pm.

//

COMPLAINT                                            3

17. After Plaintiff's August 11th interview, the USCIS requested Mr. Maldonado to submit a new medical exam even though he timely filed a medical exam with the USCIS prior to this request. In order to expedite his case, Mr. Maldonado agreed to take and pay for another medical exam and submitted it to USCIS on August 25, 2005.

18. In October 2005, Mr. Maldonado's attorney inquired with the local USCIS in Greer, South Carolina regarding the status of his I-485 case. Mr. Maldonado's attorney was only told that his case was with a supervisor.

19. On November 29, 2005, Mr. Maldonado, through his attorney sent a letter to the USCIS in South Carolina to again follow-up with the Plaintiff's case.

20. On December 19, 2005, Mr. Maldonado's attorney again contacted the USCIS in Greer, South Carolina to inquire about the status of Mr. Maldonado's case.

21. On December 21, 2005, the USCIS responded to Mr. Maldonado's inquiry by stating: "[w]e are actively processing this case. However we have to perform additional review on this case and this has caused a longer processing time."

22. On January 24, 2006, Mr. Madonado's attorney sent USCIS in Greer, South Carolina, a letter indicating that the Plaintiff was considering a mandamus action to compel resolution of his case.

23. On June 28, 2006, Mr. Maldonado contacted the USCIS in Greer, South Carolina to inquire about this I-485 application and to inform the USCIS of his new address in San Jose, California.

24. On July 6, 2006, the USCIS acknowledged Plaintiff's change of address and responded to Mr. Maldonado's inquiry by stating: "[w]e are actively processing this case. However we have to perform additional review on this case and this has caused a longer processing time."

25. On December 12, 2006, Plaintiff Maldonado, through his attorney submitted a letter to the San Jose USCIS inquiring about the Plaintiff's case, and offering to submit any more information needed by USCIS.

26. On March 7, 2007, Plaintiff went to the USCIS in San Jose with an Infopass appointment to try one more time to get some information regarding his case.

27. Plaintiff's application for adjustment of status has now remained unadjudicated for over FIVE years from the date of initial filing.

COMPLAINT                                                4

28. Defendants have sufficient information to determine Plaintiff's eligibility pursuant to applicable requirements. To date, said application has not been adjudicated.

29. Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have delayed in and have refused to adjudicate Plaintiff's application, thereby depriving the Plaintiff the right to a decision on his status and the peace of mind to which Plaintiff is entitled.

30. The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., are unlawfully withholding or unreasonably delaying action of Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case.

31. Plaintiff has been damaged by the failure of Defendants to act in accordance with their duties under the law.

(a) Plaintiff has been further damaged in that his employment authorization is tied to his status as an applicant for permanent residency, and is limited to increments not to exceed one year. 8 CFR §274a.12(c)(9). Therefore, Plaintiff has been forced to apply (and pay) for extensions of employment authorization, to the continued inconvenience and harassment of Plaintiff to continually insure his work eligibility.

(b) So long as Plaintiff's applications for adjustment of status is pending, his travel is restricted by federal regulation which requires special permission to travel abroad ("advanced parole") during the pendency of such applications. 8 CFR §245.2(a)(4). Departure without the advanced parole would be deemed an abandonment of the permanent resident application. *Id.* Plaintiff has therefore been forced to repeatedly apply (and pay) for this special travel permission, and is unable to travel while said advanced parole application is pending. This situation operates to the great inconvenience and harassment for the Plaintiff.

(c) Plaintiff has further been damaged by simply being deprived of the status of lawful permanent resident during the interminable pendency of his application. Plaintiff has also been unable to plan or pursue a future course of action in the United States due to the pendency of his application.

//

COMPLAINT 5

1         (d)    Plaintiff and his wife have also experienced tension in their lives due to the uncertainty and anxiety stemming from the pendency of Plaintiff's application.

32. Plaintiff has made numerous status inquires in an attempt to secure adjudication of his application, all to no avail. Accordingly, Plaintiff has been forced to retain the services of an attorney to pursue the instant action.

### PRAYER

WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

(a) requiring Defendants to adjudicate Plaintiff's application for adjustment of status;

(b) awarding Plaintiff reasonable attorney's fees under the Equal Access to Justice Act; and

(c) granting such further relief at law and in equity as justice may require.

Respectfully submitted:

Dated: 4/5/07

Edward R. Litwin
Attorney for Plaintiff

COMPLAINT        6